# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 27, 2014**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROGER D. SOWARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0340** (BOR Appeal No. 2047695)
(Claim No. 2007218402)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger D. Sowards, by Cathy L. Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 5, 2013, in which the Board affirmed a September 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 20, 2012, decision which denied a right knee MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sowards, a crane operator, injured his right knee in the course of his employment on November 9, 2006, when he fell backwards over a pipe. He underwent surgery in July of 2007 to repair a torn anterior cruciate ligament and returned to work approximately seven months later. In January of 2008, Mike Kennedy, P.T., found in a functional capacity evaluation that Mr. Sowards was at the medium physical demand level and could return to work with a knee brace. In March of 2008, Robert Hess, M.D., determined that Mr. Sowards had reached maximum medical improvement and assessed 1% whole person impairment. Two months later, Bruce Guberman, M.D., also found Mr. Sowards to be at maximum medical improvement. He assessed

1

6% whole person impairment, and Mr. Sowards was awarded a total of 6% permanent partial disability for his work-related injury.

According to a treatment note by Jack Steel, M.D., dated January 4, 2012, Mr. Sowards began to experience increased pain and swelling in his knee in 2011. The treatment note states that the only known possible injury was a fall at work in 2010. Dr. Steel stated that he was concerned that Mr. Sowards had torn his medial meniscus when he fell and he recommended an MRI. Mr. Sowards testified in a hearing before the Office of Judges in July of 2012 that he injured his right knee at work in 2010. He did not file a workers' compensation claim at that time because his knee was merely bruised, he did not miss any work, and he did not seek medical treatment. He asserted that his knee pain had been steadily increasing since his 2007 surgery.

The claims administrator denied a request for a right knee MRI on January 20, 2012. The Office of Judges affirmed the decision in its September 12, 2012, Order. It found that Mr. Sowards underwent a functional capacity evaluation in January of 2008 which found that he could return to his former medium physical demand level at work. He was found to be at maximum medical improvement on March 14, 2008. Dr. Steel's January 4, 2012, treatment note stated that the MRI was for the evaluation of a suspected torn meniscus. Dr. Steel opined that the injury was the result of a work-related fall that occurred in 2010. The Office of Judges found this was obviously not the compensable injury in this case which occurred in 2006. Though he filed an internal injury report, Mr. Sowards acknowledged in his deposition that he did not file a workers' compensation claim for the 2010 accident. Accordingly, the Office of Judges held that the MRI was not necessary for the treatment of the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 5, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II